■ FRANK WASIL et al., Respondents, v REALTY DEALERSHIP COMPANY, Appellant, et al., Defendants. — Appeal from that part of an order of the Supreme Court at Special Term (Fisher, J.), entered September 2, 1981 in Broome County, which denied defendant Realty Dealership Company's motion to dismiss the second cause of action set forth in plaintiffs' complaint. Realty Dealership Company (Realty), a partnership consisting of Arlene Reiss, Marvin M. Reiss, Linda A. Reiss and Roberta Miller, owns commercial property in Johnson City, New York, which adjoins property owned by plaintiffs Frank and Catherine Wasil and defendants Anthony and Victoria Andrews.[1] Realty's

1. Defendants Andrews have not appeared in the action and no affirmative relief is sought against them.

predecessor in title, N-R-H Associates (N-R-H), contracted with plaintiffs[2] to purchase their property. While this contract was pending, plaintiffs, specifically on September 14, 1978, granted N-R-H an easement to install utility lines on their property subject to the contract of purchase. On May 19, 1980, N-R-H sold its adjoining property to Realty. Since N-R-H, prior to the sale to Realty, had excavated on its land and made other alterations allegedly affecting the lateral support for plaintiffs' property and, further, had sold the premises without first purchasing plaintiffs' property, plaintiffs Wasil commenced an action against Realty seeking damages for injury to their property caused by Realty's maintenance of the improvements on the purchased property and, in a second cause of action, for declaratory relief nullifying the easement on the ground that its grant was conditioned upon purchase of plaintiffs' property by N-R-H. Realty moved to dismiss both causes of action for failure to state a cause of action. Special Term granted Realty's motion to dismiss the first cause of action but denied the motion with respect to the cause of action for declaratory relief. This appeal by Realty with respect to the denial of its motion to dismiss the second cause of action ensued. Resolution of the correctness of Special Term's decision requires a recitation of the appropriate recital and operative clauses of the instrument wherein the easement was granted to N-R-H. "WHEREAS, the Grantee has contracted to purchase the property [owned by the Wasils and Andrews] and the closing of the sale pursuant to such contract has been deferred pending the installation of the storm sanitary sewers and water lines and other underground utilities hereinafter referred; * * * NOW, Grantor hereby grants unto the Grantee, its successors and assigns, full and free right and authority to go onto Grantor's property to install and perpetually operate and maintain storm and sanitary sewers, water lines, and other underground utilities for the benefit of Grantee's real property * * *. The easement herein conveyed shall run with the land, and shall inure to the benefit and use of Grantee, its successors and assigns". While there is authority for Realty's position that where the operative clause is clear and the recitals ambiguous, the operative clause governs (see, e.g., Matter of City of New York [Huntington], 216 NY 67), we decline to apply that rule here because, in our view, the operative clause, despite the absence of words of condition, when read with the recital clause, appears to convey a temporary easement which is to become unconditional upon the happening of an event, i.e., the culmination by N-R-H of the purchase of plaintiffs' property. If such were not the intent of the parties, the deferment of such sale pending the installation of the utilities would be meaningless. We feel that this construction of the interrelationship between the recital and operative clauses present in the subject easement is in keeping with section 240 of the Real Property Law which mandates that every instrument creating an interest in real property be construed according to the intent of the parties, as that intent is evidenced from a reading of the whole instrument. Thus, in our view, plaintiffs have stated a cause of action to nullify the easement and Special Term properly denied that portion of Realty's motion which sought to dismiss the second cause of action. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.

2. Use of the word "plaintiffs" in identifying the parties in both the contract of sale and contract of easement is intended to include defendants Andrews who, at the time of execution of both instruments, were tenants in common with plaintiffs Wasil.